AO 442 (Rev. 05/07) Warrant for Arrest

ORIGINAL

# UNITED STATES DISTRICT COURT

WESTERN District of VIRGINIA

1483495
1584-0330-1512-J

UNITED STATES OF AMERICA

V.

WALEED GAFFAR ELDERINI

**WARRANT FOR ARREST**

Case Number: 1:09-cr-00005-001

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest Waleed Gaffar Elderini
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

- [x] Indictment
- [ ] Information
- [ ] Complaint
- [ ] Order of court
- [ ] Pretrial Release Violation Petition
- [ ] Probation Violation Petition
- [ ] Supervised Release Violation
- [ ] Violation Notice

charging him or her with (brief description of offense)

Failure to Appear

in violation of Title 18 United States Code, Section(s) 3146

Pamela Meade Sargent
Name of Issuing Officer

Pamela Meade Sargent
Signature of Issuing Officer

U.S. Magistrate Judge
Title of Issuing Officer

02/03/2009 Abingdon, VA
Date and Location

## RETURN

This warrant was received and executed with the arrest of the above-named individual at

Alexandria, VA

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| 02/03/2009 | J. Roche | for J. Roche |
| DATE OF ARREST 09/23/2026 | | |

AO 442 (Rev. 05/07) Warrant for Arrest

FID: 1483495

# UNITED STATES DISTRICT COURT

0884-0611-2458-B

SEALED

District of

UNITED STATES OF AMERICA

V.

WALEED GAFFAR ELDERINI

## WARRANT FOR ARREST

Case Number: 1:08CR00024-46

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest WALEED GAFFAR ELDERINI
Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

- ☐ Indictment
- ☐ Information
- ☐ Complaint
- ☐ Order of court
- ☑ Pretrial Release Violation Petition
- ☐ Probation Violation Petition
- ☐ Supervised Release Violation
- ☐ Violation Notice

charging him or her with (brief description of offense)

Violation of conditions of pretrial release imposed by this court on April 30, 2008

in violation of Title ______ United States Code, Section(s) ______

| | |
|---|---|
| Pamela Meade Sargent | Pamela Meade Sargent |
| Name of Issuing Officer | Signature of Issuing Officer |
| U.S. Magistrate Judge | 06/04/2008 at Abingdon, Virginia |
| Title of Issuing Officer | Date and Location |

## RETURN

This warrant was received and executed with the arrest of the above-named individual at

Alexandria, VA

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| 6/5/08 | J. Roche DUSM | [signature] |
| DATE OF ARREST 9/23/26 | | |

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

JUN - 3 2008

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

PS 8
(10/97)

# UNITED STATES DISTRICT COURT
## for the
## Western District of Virginia

U.S.A. vs. Waleed Gaffar Elderini Docket No. 1:08CR00024-046

Petition for Action on Conditions of Pretrial Release

COMES NOW Thomas V. H. O'Neill, United States Probation Officer, presenting an official report upon the conduct of defendant Waleed Gaffar Elderini, who was placed under pretrial release supervision by the Honorable Pamela Meade Sargent sitting in the Court at Abingdon, Virginia, on April 30,2008, under the following conditions:

1. The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.
2. The defendant shall not travel outside the Western District of Virginia and the Eastern District of Tennessee without first obtaining permission from the probation officer.

Respectfully presenting petition for action of Court and for cause as follows:
(if short insert here; if lengthy write on separate sheet and attach)

On June 3, 2008, this officer spoke with the manager of Captain D's in Kingsport, Tennessee, who reported that on May 30, 2008, the defendant left work with a money bag containing $400. On June 3, 2008, the defendant failed to report back to work as scheduled. She made several attempts to contact him; however, he has not returned any of her phone calls. She reported that several employees advised that the defendant made statements that he was going home to Egypt.

PRAYING THAT THE COURT WILL ORDER that a warrant be issued to determine whether the defendant's bond should be revoked and that this petition and the warrant be **SEALED** until the execution of the warrant.

ORDER OF COURT

Considered and ordered this 3rd day of June, 2008 and ordered filed and made a part of the records in the above case.

U.S. District Judge/Magistrate

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 3, 2008

Thomas V. H. O'Neill
U.S. Pretrial Services/Probation Officer
Place: Abingdon, Virginia

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAY 0 1 2008

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

AO 199A (3/87) Order Setting Conditions of Release

**UNITED STATES DISTRICT COURT**
**Western District of Virginia**

UNITED STATES OF AMERICA

V.

ELDERINI GAFFAR WALEED

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 1:08MJ00088

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U. S. Attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear as directed.

## Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of ten thousand dollars ($10,000) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed or violation of any of the other conditions of release in this Order.

## ADDITIONAL CONDITIONS OF RELEASE

(6) While on pretrial release:
- (a) The defendant shall avoid contact outside the presence of his or her counsel with any alleged victims or potential witnesses regarding his/her case.
- (b) The defendant shall report as directed by the probation officer, and shall promptly report any personal status changes to the probation officer: this shall include immediately reporting any contact by law enforcement officers regarding a criminal investigation or any additional criminal charges placed against the defendant. The defendant shall continue to reside at his/her current residence, and shall not change residences without the permission of the probation officer.
- (c) The defendant shall abstain from the use of alcohol or any use or possession of any controlled substances unless prescribed by a licensed treating physician for a legitimate medical purpose.
- (d) The defendant shall not possess a firearm or other dangerous weapon and shall reside in a residence free of such.
- (e) The defendant shall submit to random drug and or alcohol testing and treatment as directed by the probation officer.
- (f) The defendant shall not travel outside the Western District of Virginia and the Eastern District of Tennessee without first obtaining permission from the probation officer.
- (g) The defendant shall submit to warrantless search and seizure of his/her person and property as directed by the probation officer for the purpose of determining if he/she is in compliance with his/her conditions of pretrial release.
- (h) The defendant shall actively seek and/or maintain employment.
- (i) The defendant shall surrender his/her passport to the U.S. Probation Office by Monday, May 5, 2008, to be held pending further order of the court; the defendant shall not apply to obtain a passport.
- (j) The defendant shall not associate with any known users/possessors of illegal controlled substances and shall not be present in any location where illegal controlled substances are being used and/or distributed, unless approved by the supervising officer in cooperation with law enforcement officers.
- (k) The defendant shall restrain any animals on the premises of his/her residence in a way so as to not interfere with the probation officer's access to the defendant's residence and to ensure the officer's safety.
- (l) The defendant shall reveal all health care providers and allow open communications with all health care providers and substance abuse treatment agencies and the supervising officer.

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror of officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both:
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both:
(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both:
(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## Acknowledgement of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

[signature]
Signature of Defendant

## Directions to United States Marshal

(X) The defendant is ORDERED released after processing.
() The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: May 1, 2008

[signature]
Pamela Meade Sargent, United States Magistrate Judge

CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

MAY 2 8 2008

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA :

vs. :

DERRICK LAMONT EVANS :
a/k/a "Shank", "Dechee Dan," "Big Head", "Debo" :
BRYANT KELLY PRIDE :
a/k/a "Pride" :
MARCUS ANDREW WATKINS :
a/k/a "Andrew Sparkz" :
ANDRE LAMONT WATKINS :
a./k/a "Huff Da Author" :
TYREE LAMAR SLADE :
a/k/a "Ovious Mcfly" :
CHARLES JERMAINE KING, JR. :
a/k/a "Ziggy", "Zig-lah" :
KERRY DONNELL LEE, JR. :
a/k/a "Skinny" :
TAMARAY DORRELL LEA :
TYSON ANDERSON :
FREDERICK LYLE CATO, JR. :
a/k/a "Cato" :
OEDIPUS LAVAR MUMPHREY :
a/k/a "Spanky", "Terry", "California" :
PAUL ALSTON VAUGHN, JR. :
EMMANUEL JOSEPH MORTON :
REGINALD DARWIN MORTON :
a/k/a "Novacaine", "Jay", "Jason", "Boogie" :
BRYAN KENDALL MORRISON :
a/k/a "Drake" :
JESSICA ANN RODRIGUEZ :
JAMES THOMAS OXENDINE :
a/k/a "Ox Cuttar" :
APRIL DAWN STILTNER :
a/k/a "April Laughlin" :

Case No. 1:08-cr-00024

Violations:
18 U.S.C. § 922(g)(3)
18 U.S.C. § 924(c)
21 U.S.C. § 841 (a)(1)
21 U.S.C. § 846
21 U.S.C. § 856

CANDACE MICHELLE MAYNARD, :
SHAWN PHILLIP STATZER :
CHERE NICOLE CRAIN :
KRISTY MICHELLE STOWERS :
a/k/a "Kristy Sparger" :
JASON ROBERT WARD :
MELISSA JILL WARD :
NICOLE JOY PEREZ :
a/k/a "Nicole Baker" :
TIMOTHY ARMET GARRETT :
DARYL ANTONIO HUGHES :
a/k/a "Funky D" :
GREGORY LYNN MEADE :
a/k/a "Toyota" :
BRITTANY AMBER BRANCH :
ANDREA SUZANNE TANNER :
VALERIE SUE LESTER :
ANTHONY EUGENE DUTY :
a/k/a "Tony" :
JERRY WILLIAM SHELLEY :
KEESHA LACREE ROBBINS :
MARTIN AVERY HUGHES :
DOUGLAS LEE STALLWORTH :
TAMMY RENEE STALLWORTH :
LEANN ASHLEY BERRY :
a/k/a "Seven Footer" :
JOHNNY DALE STALLINGS :
ROBERT RAY MEADE :
a/k/a "Flat Top" :
BRUCE EDWARD BAUMGARDNER :
HERCHEL ALBERT DAVIS, JR. :
ROBIN MARIE DAVIS :
DENNIS FRANKLIN KELLEY :
CONNIE LEA STUART :
WALEED GAFFAR ELDERINI :
SHANTHA MATISSE CALHOUN :
DAVID TRAVIS STEELE :
CHRISTINE DELLA EVANS :
a/k/a "Christine Kowalski" :
TIMOTHY JOSEPH NORTON :
TRAVIS DELL JONES :
a/k/a "Eric Dell Downey" :

INDICTMENT

COUNT ONE

The Grand Jury charges that:

1. On or about and between January 2003 and April 30, 2008, in the Western District of Virginia and elsewhere, DERRICK LAMONT EVANS, a/k/a "Shank", "Dechee Dan", "Debo", BRYANT KELLY PRIDE, a/k/a "Pride", MARCUS ANDREW WATKINS, a/k/a "Andrew Sparkz", ANDRE LAMONT WATKINS, a./k/a "Huff Da Author", TYREE LAMAR SLADE, a/k/a "Ovious Mcfly", CHARLES JERMAINE KING, JR., a/k/a "Ziggy", "Zig-lah", KERRY DONNELL LEE, JR., a/k/a "Skinny", TAMARAY DORRELL LEA, TYSON ANDERSON, FREDERICK LYLE CATO, JR., a/k/a "Cato", OEDIPUS LAVAR MUMPHREY, a/k/a "Spanky", "Terry", "California", PAUL ALSTON VAUGHN, JR., EMMANUEL JOSEPH MORTON, REGINALD DARWIN MORTON, a/k/a "Novacaine", "Jay", "Jason", "Boogie", BRYAN KENDALL MORRISON, a/k/a "Drake", JESSICA ANN RODRIGUEZ, JAMES THOMAS OXENDINE, a/k/a "Ox Cuttar", APRIL DAWN STILTNER, a/k/a "April Laughlin", CANDACE MICHELLE MAYNARD, SHAWN PHILLIP STATZER, CHERE NICOLE CRAIN, KRISTY MICHELLE STOWERS, a/k/a "Kristy Sparger", JASON ROBERT WARD, MELISSA JILL WARD, NICOLE JOY PEREZ, a/k/a "Nicole Baker", TIMOTHY ARMET GARRETT, DARYL ANTONIO HUGHES, a/k/a "Funky D", GREGORY LYNN MEADE, a/k/a "Toyota", BRITTANY AMBER BRANCH, ANDREA SUZANNE TANNER, VALERIE SUE LESTER, ANTHONY EUGENE DUTY, a/k/a "Tony", JERRY WILLIAM SHELLEY, KEESHA LACREE ROBBINS, MARTIN AVERY HUGHES, DOUGLAS LEE STALLWORTH, TAMMY RENEE STALLWORTH, LEANN ASHLEY BERRY, a/k/a "Seven Footer", JOHNNY DALE STALLINGS, ROBERT RAY MEADE, a/k/a "Flat Top", BRUCE EDWARD BAUMGARDNER, HERCHEL ALBERT DAVIS, JR., ROBIN MARIE DAVIS, DENNIS FRANKLIN KELLEY, CONNIE LEA STUART, WALEED

GAFFAR ELDERINI, SHANTHA MATISSE CALHOUN, DAVID TRAVIS STEELE, CHRISTINE DELLA EVANS, a/k/a "Christine Kowalski", TIMOTHY JOSEPH NORTON, and TRAVIS DELL JONES, a/k/a "Eric Dell Downey", knowingly conspired together, and with others, to distribute and possess with the intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base and five hundred grams or more of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2. All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

COUNT TWO

The Grand Jury charges that:

1. On or about November 19, 2007, in the Western District of Virginia and elsewhere, KERRY DONNELL LEE, Jr., a/k/a "Skinny", TAMARAY DORRELL LEA, a/k/a "Maray", TYSON ANDERSON, and FREDERICK LYLE CATO, Jr. a/k/a "Cato", as principals and aiders and abettors, knowingly and intentionally possessed with the intent to distribute and distributed five grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

2. All in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

COUNT THREE

The Grand Jury charges that:

1. On or about and between January 1, 2007, and January 1, 2008, in the Western District of Virginia and elsewhere, FREDERICK LYLE CATO, Jr., a/k/a "Cato", knowingly and intentionally leased, rented, used and maintained a place for the purpose of distributing a controlled substance.

2. All in violation of Title 21, United States Code, Section 856(a)(1).

COUNT FOUR

The Grand Jury charges that:

1. On or about April 17, 2007, in the Western District of Virginia and elsewhere, JERRY WILLIAM SHELLEY and KEESHA LACREE ROBBINS, as principals and aiders and abettors, knowingly used and carried during and in relation to, and possessed in furtherance of, a drug trafficking crime for which they may be prosecuted in a court of the United States (conspiring to distribute and possess with the intent to distribute fifty gams or more of cocaine base, and possession with the intent to distribute and distribution of cocaine base), a firearm.

2. All in violation of Title 18, United States Code, Sections 2 and 924(c).

COUNT FIVE

The Grand Jury charges that:

1. On or about April 17, 2007, in the Western District of Virginia and elsewhere, JERRY WILLIAM SHELLEY and KEESHA LACREE ROBBINS, as principals and aiders and abettors, knowingly and intentionally possessed with the intent to distribute and distributed a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

2. All in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT SIX

The Grand Jury charges that:

1. On or about and between July 1, 2007, and January 1, 2008, in the Western District of Virginia and elsewhere, ANTHONY EUGENE DUTY, a/k/a "Tony", and DERRICK LAMONT EVANS, a/k/a "Shank", "Dechee Dan", "Debo", as principals and aiders and abettors, knowingly

and intentionally leased, rented, used and maintained a place for the purpose of distributing a controlled substance.

2. All in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 856(a)(1).

COUNT SEVEN

The Grand Jury charges that:

1. On or about and between January 1, 2006, and June 1, 2007, in the Western District of Virginia and elsewhere, JASON WARD and MELISSA WARD, as principals and aiders and abettors, knowingly and intentionally leased, rented, used and maintained a place for the purpose of manufacturing and distributing a controlled substance.

2. All in violation of Title 18, United States Code, Section 2 and Title 21, United States Code, Section 856(a)(1).

COUNT EIGHT

The Grand Jury charges that:

1. On or about and between July 1, 2007, and April 30, 2008, in the Western District of Virginia and elsewhere, BRUCE EDWARD BAUMGARDNER knowingly and intentionally leased, rented, used and maintained a place for the purpose of distributing a controlled substance.

2. All in violation of Title 21, United States Code, Section 856(a)(1).

COUNT NINE

The Grand Jury charges that:

1. On or about and between July 1, 2007, and April 30, 2008, in the Western District of Virginia and elsewhere, DAVID TRAVIS STEELE, as a principal and as an aider and abettor, knowingly and intentionally leased, rented, used and maintained a place for the purpose of

manufacturing and distributing a controlled substance.

2. All in violation of Title 18, United States Code, Section 2, and 21, United States Code, Section 856(a)(1).

COUNT TEN

The Grand Jury charges that:

1. On or about April 30, 2008, in the Western District of Virginia and elsewhere, JERRY WILLIAM SHELLEY knowingly and intentionally possessed the following firearm:

Ruger Model P91 .40 Cal. Pistol s/n 340-10882

in or affecting interstate or foreign commerce, while being an unlawful user of a controlled substance.

2. All in violation of Title 18, United States Code, Section 922(g)(3) and 924(a)(2).

FORFEITURE ALLEGATIONS

COUNT ELEVEN

The Grand Jury further charges that:

1. Upon conviction of one or more of the felony controlled substance offenses listed in Counts One through Nine of the Indictment, the Defendants, DERRICK LAMONT EVANS, a/k/a "Shank", "Dechee Dan", "Debo", BRYANT KELLY PRIDE, a/k/a "Pride", MARCUS ANDREW WATKINS, a/k/a "Andrew Sparkz", ANDRE LAMONT WATKINS, a./k/a "Huff Da Author", TYREE LAMAR SLADE, a/k/a "Ovious Mcfly", CHARLES JERMAINE KING, JR., a/k/a "Ziggy", "Zig-lah", KERRY DONNELL LEE, JR., a/k/a "Skinny", TAMARAY DORRELL LEA, TYSON ANDERSON, FREDERICK LYLE CATO, JR., a/k/a "Cato", OEDIPUS LAVAR MUMPHREY, a/k/a "Spanky", "Terry", "California", PAUL ALSTON

VAUGHN, JR., EMMANUEL JOSEPH MORTON, REGINALD DARWIN MORTON, a/k/a "Novacaine", "Jay", "Jason", "Boogie", BRYAN KENDALL MORRISON, a/k/a "Drake", JESSICA ANN RODRIGUEZ, JAMES THOMAS OXENDINE, a/k/a "Ox Cuttar", APRIL DAWN STILTNER, a/k/a "April Laughlin", CANDACE MICHELLE MAYNARD, SHAWN PHILLIP STATZER, CHERE NICOLE CRAIN, KRISTY MICHELLE STOWERS, a/k/a "Kristy Sparger", JASON ROBERT WARD, MELISSA JILL WARD, NICOLE JOY PEREZ, a/k/a "Nicole Baker", TIMOTHY ARMET GARRETT, DARYL ANTONIO HUGHES, a/k/a "Funky D", GREGORY LYNN MEADE, a/k/a "Toyota", BRITTANY AMBER BRANCH, ANDREA SUZANNE TANNER, VALERIE SUE LESTER, ANTHONY EUGENE DUTY, a/k/a "Tony", JERRY WILLIAM SHELLEY, KEESHA LACREE ROBBINS, MARTIN AVERY HUGHES, DOUGLAS LEE STALLWORTH, TAMMY RENEE STALLWORTH, LEANN ASHLEY BERRY, a/k/a "Seven Footer", JOHNNY DALE STALLINGS, ROBERT RAY MEADE, a/k/a "Flat Top", BRUCE EDWARD BAUMGARDNER, HERCHEL ALBERT DAVIS, JR., ROBIN MARIE DAVIS, DENNIS FRANKLIN KELLEY, CONNIE LEA STUART, WALEED GAFFAR ELDERINI, SHANTHA MATISSE CALHOUN, DAVID TRAVIS STEELE, CHRISTINE DELLA EVANS, a/k/a "Christine Kowalski", TIMOTHY JOSEPH NORTON, and TRAVIS DELL JONES, a/k/a "Eric Dell Downey", shall forfeit to the United States pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 924(d), any and all interest the Defendants have:

(a) in any property constituting or derived from, any proceeds the defendants obtained, directly or indirectly as a result of a violation of 21 U.S.C. §§ 841 and/or 846 and/or any property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation thereof.

(b) in any firearms and ammunition involved in the commission of the offense(s), or possessed in violation thereof.

without regard to the type of interest held, wherever located and in whatever name held.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant.

## COUNT TWELVE

The Grand Jury further charges that:

1. Upon conviction of the felony offense alleged in Count Ten of this Indictment, the defendant, JERRY WILLIAM SHELLEY, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), any and all interest the defendant has in all firearms and ammunition involved in the commission of the offense, without regard to the type of interest held, wherever located and in whatever name held. The property to be forfeited to the United States includes but is not limited to the following property:

**Firearms and Ammunition**

a) Ruger Model P91 .40 Cal. Pistol s/n 340-10882

b) 11 rounds .40 cal. ammunition

c) 40 rounds Winchester .40 cal. ammunition
d) 5 Winchester 12 ga. shotgun shells
e) 2 Remington magnum 12 ga. shotgun shells
f) 5 Remington Express 12 ga. shotgun shells
g) 2 Remington Nitro-magnum 12 ga. shotgun shells
h) 2 Remington Premier Magnum 20 ga. shotgun shells
I) 4 Winchester SuperX 12 ga. shotgun shells
j) 1 red shotgun shell
k) 1 J.C. Higgins 12 ga. shotgun shell
l) 2 Rottweil Brennere Magnum 12 ga. shotgun shell
m) 21 Federal Field Load 12 ga. shotgun shells
n) 14 rounds Winchester 30-06 cal. ammunition
o) 58 rounds Remington .22 cal. ammunition
p) 1 round Springfield 30-06 cal. ammunition
q) 6 rounds Super Brand 25-06 cal. ammunition
r) 1 round Winchester .300 cal. ammunition
s) 1 round Remington 7mm cal. ammunition
t) 4 rounds Winchester 30-30 cal. ammunition
u) 1 round Remington .300 cal. ammunition
v) 2 Remington-Peters .410 ga. shotgun shells
w) 1 round Wolf 7.62x39 cal. ammunition
x) 1 round Smith & Wesson .32 cal. ammunition
y) 3 rounds Remington .44 cal. ammunition
z) 5 rounds Smith & Wesson .44 cal. ammunition
aa) 1 round Winchester .223 cal. ammunition
bb) 5 rounds Atmerc 9mm cal. ammunition
cc) 4 rounds Ruger 9mm. cal. ammunition
dd) 1 round Federal .40 cal. ammunition
ee) 19 rounds Remington .22-250 cal. ammunition
ff) Marlin Model 25M .22 cal. rifle, s/n 15700904
gg) 3 rounds .22 cal. ammunition
hh) Double Barrel shotgun
ii) Remington 12.ga single-shot shotgun
jj) Remington Model 700 30-06 cal. rifle, s/n 368957
kk) 4 rounds 30-06 cal. ammunition
ll) Aguirre Y Granzabel .12 ga. double barrel shotgun, s/n 122848
mm) Browning Medallion 30-06 cal. rifle, s/n 13945mm351
nn) H&R Topper 88 .12 ga. shotgun, s/n AY268858
oo) Winchester Model 37A, 20 ga. shotgun, s/n c1069903
pp) Remington Model 522 Viper .22 LR cal. rifle, s/n 3184606
qq) Norinco SKS 7.62x39 cal. Rifle s/n c2-1804058
rr) Winchester Ranger 30-30 cal. rifle s/m 6188018
ss) Remington model 572 .22 cal. rifle, s/n 1910687
tt) Remington Model 511 .22 cal. rifle
uu) Mossberg Model 42M-c, .22 cal. rifle

vv) Marlin Model 336 R.C. 30-30 cal. rifle, s/n L14829
ww) Remington Model Nylon 66, .22 cal. rifle
xx) Marlin Greenfield Model 60 .22 cal. rifle s/n 24284652
yy) Remington Model 1100 .12 ga. shotgun s/n L662877V
zz) Ruger Single Six .22 cal. revolver s/n 65-30613
aaa) 6 rounds .22 cal. ammunition
bbb) H&R Model 930 .22 cal. revolver s/n AF73011
ccc) 353 rounds misc. ammunition
ddd) 163 rounds misc. ammunition
eee) 169 rounds misc. ammunition

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a) cannot be located upon the exercise of due diligence;
b) has been transferred or sold to, or deposited with a third person
c) has been placed beyond the jurisdiction of the Court;
d) has been substantially diminished in value; or
e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

A TRUE BILL, this 28th day of May, 2008

Grand Jury Foreperson

JULIE C. DUDLEY
Acting United States Attorney